UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                               :

McGOWAN & COMPANY, INC., d/b/a  :
McGOWAN EXCESS & CASUALTY,  :

                               :        CASE NO. 1:11-CV-2620

              Plaintiff,    :

                               :

v.                            :        OPINION & ORDER

                               :        [Resolving Doc. No. 5]

ROGER F. BOGAN, *et al.*,      :

                               :

             Defendants.   :

                               :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff McGowan & Company, Inc. (McGowan) filed this lawsuit in Ohio state court against its former employee, Defendant Roger F. Bogan, and his new employers, Defendants Universal Managers, Inc. (Universal), Swain & Baldwin Insurance (S&B), and Ray B. Baldwin (collectively, the employer Defendants). McGowan makes claims against all Defendants for misappropriation of trade secrets and tortious interference with existing and prospective business relationships. It also asserts claims against only Bogan for breach of contract, breach of the duty of loyalty, and unjust enrichment.

Generally, McGowan says that Bogan—who worked for McGowan in Texas from March 2006 until he resigned in August 2011—used McGowan's proprietary and confidential customer information to steal McGowan's clients upon his departure. According to McGowan, Bogan disclosed this information to his new employers.

Case No. 1:11-CV-2620
Gwin, J.

Defendants—all of whom reside in Texas—have moved to dismiss McGowan's complaint for lack of personal jurisdiction or, in the alternative, to transfer this case to the Southern District of Texas. *See* [Doc. 5.]  Because the Court doubts that it has personal jurisdiction over at least some of the employer Defendants and because the Southern District of Texas is a more appropriate venue for this litigation, the Court **GRANTS IN PART** and **DENIES IN PART** the Defendants' motion. The Court will transfer this case to the Southern District of Texas, where all Defendants agree they are subject to personal jurisdiction.

I.

Title 28, United States Code, Section 1404 permits, "for the convenience of parties and witnesses, [and] in the interest of justice," a district court to "transfer any civil action to any other district or division where it might have been brought."  "An action 'might have been brought' in a proposed transferee court if (1) the court has jurisdiction over the subject matter of the action, (2) venue is proper there, and (3) the defendant is amenable to process issuing out of the transferee court." *Neff Athletic Lettering Co. v. Walters*, 524 F. Supp. 268, 271 (S.D. Ohio 1981).

The Southern District of Texas meets these three "threshold" requirements. *Id.*  First, federal courts in that District—just like this Court—have diversity jurisdiction over this case.  Second, venue is proper in that District; all Defendants "reside in the same state"—Texas—and several Defendants "reside[]" in the Southern District of Texas.  28 U.S.C. § 1391.  Finally, Defendants acknowledge that they are amenable to process issuing from that District.

Moreover, even giving due weight to McGowan's choice of forum, "the convenience of parties and witnesses" and "the interest of justice" counsel strongly in favor of a transfer to the Southern District of Texas.  28 U.S.C. § 1391; *see Midwest Motor Supply Co., Inc. v. Kimball,*

Case No. 1:11-CV-2620
Gwin, J.

761 F. Supp. 1316, 1318 (S.D. Ohio 1991) ("Among the factors to be considered are the nature of the suit; the place of the events involved; the relative ease of access to sources of proof; the nature and materiality of testimony to be elicited from witnesses who must be transported; the respective courts' familiarity with applicable law and the condition of their dockets; and the residences of the parties.").

Although McGowan is headquartered in Ohio and would prefer to litigate in Ohio, nearly all of the events giving rise to this litigation occurred in Texas.  Bogan worked for McGowan in Texas, [Doc. 5-2, ¶ 10], the McGowan clients Bogan serviced (and, allegedly, later stole) are in Texas and its surrounding states, [Doc. 15-1, ¶ 6], and Bogan's new employers—to whom Bogan allegedly disclosed McGowan's confidential information—are in Texas, [Doc. 5-3].  In addition, according to McGowan, Bogan accessed McGowan's proprietary information (stored on servers in Ohio) from Texas and transferred that information to the employer Defendants while in Texas.  [Doc. 13, ¶ 4.] In light of the nature of McGowan's claims—that Bogan and the other Defendants interfered with McGowan's Texas clients—Defendants and McGowan's Texas clients will be the key witnesses in this case.  All are in Texas.  What's more, McGowan itself has an office in Texas, [Doc. 1-1, ¶ 9], meaning that litigation in Texas "would not greatly inconvenience" McGowan, or at least would inconvenience McGowan much less than an Ohio litigation would inconvenience Defendants. *Kimball*, 761 F. Supp. at 1319.  Taken together, these factors suggest that Texas is not only the logical choice of venue; it is, on balance, the venue most convenient for the parties and witnesses.

Furthermore, even though it seems that at least some of McGowan's claims will be governed by Ohio law, *see* [Doc. 1-1], those claims "do[] not appear to present any novel or complex issues under Ohio law" and "[t]hus, although this Court is more familiar with Ohio law than the [Southern

Case No. 1:11-CV-2620
Gwin, J.

District of Texas], it does not appear that Ohio [] law is so unique that this fact alone should strongly militate against transfer." *Kimball*, 761 F. Supp. at 1319. In sum, there are more than a few good reasons to move this action to Texas and only one good reason—McGowan's preference—to keep it here.

Moreover, a transfer will ensure that this case remains in one piece. Bogan, to be sure, has some contacts with Ohio, and it may well be that Bogan should have anticipated a lawsuit in Ohio based on his alleged conduct. But other than this litigation, Bogan's new employers have virtually no connection to Ohio. Indeed, McGowan's opposition to Defendants' motion to dismiss for lack of personal jurisdiction recites, as the contacts rendering this Court's exercise of jurisdiction constitutional, only that "[w]ith respect to the [employer] Defendants, Bogan was acting as [their] agent . . . when he tried to divert McGowan business" and that "Defendant Baldwin is licensed to sell insurance in Ohio." [Doc. 13, at 8-9.] The Court doubts that this is "a substantial enough connection with [Ohio] to make the exercise of jurisdiction over the [employer Defendants] reasonable." *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007) (citing *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). In any event, whether or not Defendants are all subject to this Court's jurisdiction, Texas is a much more convenient forum for the parties and witnesses and the Court thinks it better to transfer this case rather than to dismiss some of the parties or to keep them in the case with some tenuous assertion of personal jurisdiction.

II.

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Defendants' motion, [Doc. 5]. The Court **TRANSFERS** this case to the Southern District of Texas.

Case No. 1:11-CV-2620
Gwin, J.

     IT IS SO ORDERED.

Dated:  June 6, 2012                  s/     *James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE